Caruthers, J.,
delivered the opinion of the Court.
This action of replevin was brought by the defendants in error, as the administrators of Wm. M. Wade, lor a negro girl, slave, named Emiline, in the possession of Caroline Wade, widow of the intestate.
In 1846, the father of Mrs. Wade sent the slave to *347 her- as a gift, and she so remained for more than three years before the death of Wade. The father made a deed of gift to his daughter, but it was never delivered, and is therefore invalid. ' He states that the gift was absolute, though verbal, but he intended to get a lawyer to write a deed to the separate use of his daughter, but never did it. The husband always said the slave belonged to his wife, and was not his, never set up any claim to her. The wife, however, claimed her all the time.
The question presented is, whether, under these circumstances, this slave constitutes a part of the estate, and is liable for the debts of intestate. There is no doubt, but, that by operation of the statute of limitations on the parol gift, the title of the donor is extinguished. But it is contended, that, as the intestate never claimed the property as his own, no title would vest in him. But' he claimed for his wife, and she held adversely to the donor. If her right was perfected by the operation of the statute, as well as by a writing, or otherwise, it would inure to the husband, as much as if it had operated upon an adverse holding and claim for himself. The law would fix the title in him the moment it become hers, without regard to his declarations. A man cannot denude himself of his right to property which the law vests in him, by- simply declaring that it belongs to his wife.
The purposes and intentions of the donor to place restrictions and limitations upon the gift, which was never executed, can have no effect. He admits the donation was without qualification at the time it was made, and this is further established by the writing drawn up by *348 him, but not delivered so as to take effect. The un-executed design to restrict the slave to the separate use of his daughter, by a writing he intended to execute afterwards, cannot change the case. If this had been done at the time, or within three years afterwards, before the statute had placed the right beyond his control, it would have changed the case; but having been neglected the law must have its course, and the slave goes into the administration for the benefit of creditors or the distributees.
So the law was held below, and we affirm the judgment.